117 F.3d 69
 Roger P. ORMISTON, Plaintiff-Appellant,
v.
Dr. Caroline NELSON, Dr. S. Saladie, Dr. "John" Kay, first
name being fictitious, Dr. "John" Lubell, first name being
fictitious, Dr. "Mary" Polk, first name being fictitious,
Dr. Beth Busser, Dr. Edward Scharfman, Dr. "John" Susco,
first name being fictitious, Dr. A. Youb, Dr. "John" Klein,
first name being fictitious, Dr. "Mary" Lesser, first name
being fictitious, Dr. "John" Nirenberg, first name being
fictitious, Dr. "John" Sakallarious, first name being
fictitious, Dr. "John" Berkley, first name being fictitious,
Dr. "John" Spence, first name being fictitious, Dr. Connie
Reis Marica, each of said doctors/defendants having an
address of Westchester County Medical Center, Grasslands
Road, Valhalla, Westchester County, New York 10595; A.
Fischer, police officer, J. Meyer, police officer, "John"
Graf, first name being fictitious, police officer, "John"
Riga, first name being fictitious, police officer, each of
said police officers/defendants having an address of Town of
Eastchester Police Department, 40 Mill Road, Eastchester,
Westchester County, New York 10709, Defendants-Appellees.
 No. 815, Docket 96-7750.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 27, 1997.
Decided July 3, 1997.
 
 William Greenberg, White Plains, NY, for plaintiff-appellant.
 Katharine Demgen, Heidell, Pittoni, Murphy & Bach, New York City (Charles L. Bach, Jr., on the brief), for defendant-appellee Dr. "John" Susco.
 John M. Flannery, Wilson, Elser, Moskowitz, Edelman & Dicker, White Plains, NY, for defendants-appellees A. Fischer, J. Meyer, "John" Graf and "John" Riga.
 Barbara D. Goldberg, Martin, Clearwater & Bell, New York City, for defendant-appellee Dr. Edward Scharfman.
 Joel A. Hirschfield, Wilson, Bave, Conboy, Cozza & Couzens, White Plains, NY (Elizabeth A. Corley, on the brief), for defendant-appellee Dr. "Mary" Lesser.
 Scott A. Ziluck, Assistant Attorney General of the State of New York (Dennis C. Vacco, Attorney General of the State of New York, Thomas D. Hughes, Assistant Solicitor General of the State of New York, on the brief) for defendants-appellees Dr. Caroline Nelson and Dr. Soren Saladie.
 Before: VAN GRAAFEILAND, MESKILL and CABRANES, Circuit Judges.
 JOSE A. CABRANES, Circuit Judge:
 
 
 1
 In this appeal we are asked to decide whether the accrual date for a cause of action under 42 U.S.C. § 1983 ("section 1983")[1] claiming unconstitutional medical or psychiatric confinement is, like the accrual date for other unconstitutional confinements, the date of initial confinement, or whether medical and psychiatric confinements require application of a different rule. We hold that section 1983 claims based upon medical or psychiatric confinement, like other section 1983 claims, accrue when the plaintiff "knows or has reason to know of the injury which is the basis of his action." Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir.1980) (internal quotation marks omitted), cert. denied, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981). Because individuals subject to involuntary medical or psychiatric confinement may not be able to comprehend the nature of the initial or subsequent confinement, however, we hold that, in such cases, the "Singleton rule" does not necessarily mandate that the initial date of confinement serve as the accrual date. Rather, when a section 1983 action is brought for involuntary medical or psychiatric confinement, the accrual date will depend upon the particular circumstances of each such confinement.
 
 I.
 
 2
 The following facts are not in dispute. The plaintiff-appellant Roger P. Ormiston ("plaintiff" or "Ormiston") was taken into custody on August 12, 1992, after certain defendant psychiatrists, members of the Comprehensive Psychiatric Emergency Program (a group based at the Westchester County Medical Center that conducts emergency evaluations of individuals who are thought to require involuntary psychiatric hospitalization), determined that he posed a danger to himself and others. With the aid of the defendant police officers, the plaintiff was transported to the Lawrence Hospital, and thereafter to the Westchester County Medical Center, under the care and supervision of various other defendant psychiatrists. The plaintiff was released from custody on September 25, 1992.
 
 
 3
 This action was begun by the filing of a complaint on August 30, 1995, alleging deprivation by the defendants, acting "under color of state law, of [the plaintiff's] constitutional right to liberty of person in violation of 42 U.S.C[.] § 1983 by, without reasonable justification, causing the plaintiff ... to be held in custody, and without personal liberty...." In an oral decision of May 17, 1996,[2] the United States District Court for the Southern District of New York (Charles L. Brieant, Jr., Judge ) granted the defendants' motions to dismiss the complaint. Applying the Singleton rule, the court held that the plaintiff's claim accrued on August 12, 1992, the date when, in the court's view, the plaintiff knew or had reason to know of the injury that was the basis of his section 1983 suit. The district court stated that "[i]n this case ... the statute ran from the date he was ... retained in custody ... by the action of the defendant psychiatrist." According to the court, "[t]he minute [the plaintiff] was deprived of his liberty, he knew that his rights were violated." Because the plaintiff filed his complaint on August 30, 1995--more than three years after the date of his initial confinement--the district court dismissed the plaintiff's complaint as time barred. This appeal followed.
 
 II.
 
 4
 We review de novo the district court's dismissal of the plaintiff's complaint. Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir.), cert. denied, 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). In section 1983 actions, the applicable limitations period is found in the "general or residual [state] statute [of limitations] for personal injury actions." Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 581-82, 102 L.Ed.2d 594 (1989). Accordingly, and as the parties to this action agree, New York's three-year statute of limitations for unspecified personal injury actions, New York Civil Practice Law and Rules § 214(5), governs section 1983 actions in New York. Owens, 488 U.S. at 251, 109 S.Ct. at 582; see also Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir.1994), cert. denied, 516 U.S. 808, 116 S.Ct. 53, 133 L.Ed.2d 18 (1995).
 
 
 5
 However, federal law governs the determination of the accrual date (that is, the date the statute of limitations begins to run) for purposes of the statute of limitations in a section 1983 action. Eagleston, 41 F.3d at 871. Under the Singleton rule, as noted above, the statute of limitations accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Singleton, 632 F.2d at 191 (internal quotation marks omitted); see also Pinaud v. County of Suffolk, 52 F.3d 1139, 1156-57 (2d Cir.1995). In cases applying the Singleton rule, the date of arrest has been used as the accrual date for any subsequent action under section 1983. See, e.g., Woods v. Candela, 13 F.3d 574, 575 (2d Cir.1994). On appeal, the plaintiff argues that we should apply a different rule--that claims under section 1983 arising from medical and psychiatric confinement should not accrue until the individual is free from custody.
 
 
 6
 Although we reject the plaintiff's broad-ranging contention that, in all cases of medical or psychiatric confinement, the date of release automatically represents the date of accrual, we do conclude that, in the particular circumstances of a medical or psychiatric confinement case, a per se application of the initial date of confinement as the date when the claim accrues is not appropriate or reasonable under Singleton. In most other cases asserting section 1983 claims for deprivation of liberty, the aggrieved party will know, or have reason to know, from the first moment of his confinement, that he is suffering a deprivation of liberty; he can then act on this knowledge by objecting at the moment of initial confinement, and later, if necessary, by contacting his counsel, or even by bringing an action pro se. In cases involving medical or psychiatric confinement, however, we cannot assume that a plaintiff is in complete control of his physical or mental faculties--or is even aware of his confinement--during the course of his hospitalization, much less that he is able to assert his rights during this period.[3]
 
 
 7
 In order to survive a motion to dismiss for failure to state a claim, a section 1983 plaintiff asserting deprivation of liberty, whose claim would be time-barred if it accrued at the time of confinement, must plead facts indicating that he was not able to comprehend the nature of his circumstances when he was taken into custody. Where plaintiff so pleads, the allegations of the complaint must of course be taken as true, Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); Valmonte v. Bane, 18 F.3d 992, 998 (2d Cir.1994), and ordinarily the motion to dismiss will be denied.[4]
 
 
 8
 In the instant case, plaintiff's complaint denies that he was "a danger to himself or to others" at the time of his confinement. But it is not clear whether, at the time of confinement, he may nevertheless have been incompetent to comprehend his loss of personal liberty. Because, as we hold, mental incapacity may delay the accrual of a section 1983 claim for deprivation of liberty, we believe plaintiff is entitled to an opportunity to amend his complaint to allege mental incapacity at the time of his confinement.[5] See Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2d Cir.1990) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint.") (internal quotation marks and citation omitted). Therefore, we vacate the judgment and remand to the district court for the entry of an order dismissing the complaint without prejudice to consideration of a motion for leave to amend.
 
 III.
 To summarize:
 
 9
 1. Pursuant to the Singleton rule, the date of accrual for a section 1983 claim based on involuntary medical or psychiatric confinement is the date when the plaintiff knew or had reason to know of the injury that is the basis of the claim.
 
 
 10
 2. In medical or psychiatric confinement cases, the date of accrual will depend on the particular circumstances of the claimant's medical and psychiatric condition during his period of confinement.
 
 
 11
 Accordingly, for the reasons stated above, the judgment of the district court is vacated and the cause is remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 42 U.S.C. § 1983 provides, in pertinent part, that:
 [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....
 
 
 [2]
 The district court dismissed the action against Drs. Kaye and Lubell "for failure to provide [service of] process...." The cause of action against the police officers was dismissed in an oral decision of December 15, 1995. Judgment for the police officers was entered, along with the judgment for all other defendants, on May 20, 1996
 
 
 [3]
 Inasmuch as state tolling rules govern federal actions brought under section 1983, Board of Regents v. Tomanio, 446 U.S. 478, 484-86, 100 S.Ct. 1790, 1795-96, 64 L.Ed.2d 440 (1980); Singleton, 632 F.2d at 191, we note that the plaintiff has not invoked the provision of New York law that provides for the tolling of the statute of limitations for "insanity." See N.Y. C.P.L.R. § 208 (McKinney 1980). There may be sound tactical reasons for the plaintiff's reluctance or failure to rely on this statute, and we intimate no view on this matter other than to indicate that it could remain available to the plaintiff on remand
 
 
 [4]
 The factual allegations as to plaintiff's state of mind may be revisited on a motion for summary judgment, after the parties have had an opportunity to conduct discovery. Where there are disputed issues of material fact as to plaintiff's state of mind at the time of confinement, resolution of these factual questions should be left to the trier of fact. See Eagleston, 41 F.3d at 871 ("[I]n some circumstances, factual issues related to statute of limitations should be put before a jury...."); Robertson v. Seidman & Seidman, 609 F.2d 583, 592-93 (2d Cir.1979) (same)
 
 
 [5]
 The plaintiff's disability must be physical or mental. Mere ignorance of the law is, of course, insufficient to delay the accrual of the statute of limitations