Marcel BEMBRY, Plaintiff–Appellant,

v.

Michael H. DARROW, Phillip Scott, Mohawk Valley Community College, and John Mazurowski, Defendants–Appellees.

No. 00–7820.

United States Court of Appeals, Second Circuit.

March 23, 2001.

Leon R. Koziol, Esq., Utica, NY, for appellant.

Darryl B. Rahn, Esq., Gorman, Waszkiewicz, Gorman & Schmitt, Utica, NY, for appellees.

Present WALKER, Chief Judge, OAKES, and POOLER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Marcel Bembry appeals from a May 26, 2000 judgment of the United States District Court for the Northern District of New York (Munson, *J.*) granting summary judgment in favor of the defendants-appellees on Bembry's claims of discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, 42 U.S.C. § 1981 and § 1983, and New York Executive Law § 296. On appeal, appellant argues that (1) the district court improperly applied the governing statutes of limitations, and (2) that summary judgment was improperly granted.

Bembry, an African–American, began working for appellee Mohawk Valley Community College ("MVCC") in January 1992 as a maintenance helper. BB 2. In 1993, MVCC placed Bembry on permanent light-duty status due to a shoulder disability. His light-duty assignments included, for example, emptying waste paper baskets, dusting, mopping and vacuuming. During the relevant time period, MVCC employed defendants Phillip Scott, Michael Darrow and John Mazurowski as supervisors of various aspects of campus maintenance and maintenance personnel.

On January 6, 1995, Bembry filed a complaint under MVCC's internal grievance procedure alleging racial discrimination.

Specifically, Bembry alleged that his supervisors subjected him to (1) a derogatory racist comment shortly after he was hired, (2) double assignments rarely received by white maintenance workers, (3) transfers to unfamiliar locations on campus which heightened the likelihood of mistakes on the job, (4) greater scrutiny of his job performance, (5) discriminatory treatment regarding when and where Bembry could take his breaks and(6) assignments of heavy-duty chores even though his physical disability required light-duty chores. Bembry additionally alleged that his supervisors (7) influenced white employees to file false reports about his performance, and (8) gave preferential advancement opportunities to white employees.

Pursuant to MVCC policy, the initial investigator, Jerome Brown, Dean of Human Resources and Affirmative Action Officer for MVCC, conducted an inquiry and found that sufficient evidence existed to support allegations of racial discrimination. Because he objected to the remedy, Bembry then appealed this decision to MVCC's Ad Hoc Appeals Committee. The Ad Hoc Committee agreed with Brown's conclusion and recommended that disciplinary action be taken against the three defendants. A further appeal transpired in which the hearing officer agreed that the three supervisors should be reprimanded for harassing Bembry, but also concluded that it was unclear whether the basis for the harassment was Bembry's race or the fact that he was on light-duty status.

On August 13, 1996, Bembry filed a complaint against MVCC with the New York State Division of Human Rights ("NYSDHR") in which Bembry alleged the same conduct identified in the internal MVCC complaint as well as a new claim of retaliation for his filing of the administrative complaint. As to the new claim, Bembry alleged that on January 30, 1996 his supervisors retaliated against him by directing him to move heavy furniture in contravention of his light-duty status. Bembry complied with the alleged order and suffered an injury. On September 29, 1998, the NYSDHR issued its determination and order finding that there was no probable cause to support a charge of unlawful discrimination. On October 22, 1998, the EEOC adopted the findings of the NYSDHR.

On January 6, 1999, Bembry filed suit in the district court alleging racial discrimination. The defendants moved for summary judgment. In his opposition to summary judgment, in addition to pleading all instances of alleged racial discrimination outlined in the MVCC and NYSDHR complaints, Bembry further alleged employment promotion discrimination relating to his promotion from building maintenance helper to senior clerk in April 1997. The district court granted the defendants' motion for summary judgment and this appeal followed.

The district court found that all but two of Bembry's claims were barred by the statute of limitations. We agree. Two different statutes of limitations apply to Bembry's claims. We address each in turn. In regard to the alleged violations of Title VII of the Civil Rights Act of 1964, in order to be timely filed, a complaint must be filed with the EEOC within 180 days of the alleged discrimination or, where the plaintiff initially files with the appropriate state agency, within 300 days of the alleged discriminatory action. *See Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 712 (2d Cir.1996). Because Bembry filed his complaint with the NYSDHR on August 13, 1996, any incidents that occurred on or before October 19, 1995 are untimely.

Bembry argues, however, that all of the alleged discriminatory acts against

him fall within the "continuing violation" exception to the 300 day filing period. "The continuing violation exception extends the limitations period for all claims of discriminatory acts committed under an ongoing policy of discrimination even if those acts, standing alone, would have been barred by the statute of limitations." *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir.1998) (citations and emphasis omitted). "[A] continuing violation may be found where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." *Cornwell v. Robinson*, 23 F.3d 694, 704 (2d Cir.1994). The scope of this doctrine is limited, however. "[M]ultiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir.1998) (quoting *Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir.1993)) (internal quotation marks omitted). We conclude that Bembry has not shown a continuing violation because he alleges episodic events and presents no evidence to suggest a pervasive policy or mechanism of racial discrimination. Moreover, the fact that the MVCC internal review board recommended sanctioning Bembry's supervisor's based on Bembry's complaints indicates that the employer did not allow the alleged discriminatory acts to continue unremedied for so long as to amount to a discriminatory policy.

Bembry's claims brought pursuant to 42 U.S.C. §§ 1981 and 1983 are subject to a three-year statute of limitations, *see Wilson v. Fairchild Republic Co.*, 143 F.3d 733, 738 n. 5 (2d Cir.1998); *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir.1997), as is Bembry's pendant state law claim brought under the New York Human Rights Law. *See Van Zant*, 80 F.3d at 714. Bembry filed his complaint in the district court on January 6, 1999. Accordingly, all of the alleged discriminatory practices that occurred before January 6, 1996 are time-barred.

Taking into account the relevant limitations periods, only two of Bembry's claim survive: the claim of retaliation which occurred on January 30, 1996, and the allegation of employment promotion discrimination which occurred in April 1997. We will address each of these remaining claims in turn.

We review the district court's grant of summary of judgment de novo. *See Coregis Ins. Co. v. American Health Found.*, 241 F.3d 123 (2d Cir.2001). Summary judgment is only appropriate when "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). We construe the evidence in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences from the evidence that can be drawn in that party's favor. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

■ Bembry alleges that on January 30, 1996 he was retaliated against for filing administrative grievances and a complaint with the EEOC, when his supervisor directed him to perform a heavy-duty task despite his status as a light-duty employee. As a result of his performing this heavy-duty task, he sustained an injury to his left arm. In order to establish a prima facie case of retaliation, Bembry must show (1) participation in a protected activity known to the defendant, (2) an employment action that disadvantaged the plaintiff and (3) a causal connection between the protected activity and the adverse employment ac-

tion. *See Holt v. KMI–Continental, Inc.,* 95 F.3d 123, 130 (2d Cir.1996). Once a prima facie case has been made, the burden shifts to MVCC to point to evidence supporting a legitimate non-retaliatory reason for its action. *See Quinn,* 159 F.3d at 769. Once the defendant demonstrates legitimate reasons for its actions, plaintiff then bears the burden of showing that defendant's reasons are a pretext for the true discriminatory motive. *See Johnson v. Palma,* 931 F.2d 203, 207 (2d Cir.1991).

■ Assuming without deciding that Bembry has made out a prima facie case of retaliation, we agree with the district court that MVCC proffered a legitimate explanation for its actions. MVCC directed its entire cleaning crew, and not Bembry in particular, to remove the furniture from the room. Bembry proffered no evidence that MVCC's stated explanation was pretextual. Moreover, Bembry was also aware that if Bembry was assigned work that was beyond his physical ability, he did not have to do the work and he would not be reprimanded for his refusal. Bembry suffered no adverse employment action as his promotion to senior clerk demonstrates.

In regard to the allegation of employment promotion discrimination, Bembry claims that he was promoted only one level, from Grade 11 to Grade 12, while the white employee he replaced, an administrative assistant, had been compensated at a much higher level of Grade 21. Bembry concedes that he was not qualified to receive the Grade 21 salary but concludes that he was entitled to a promotion greater than that of Grade 12.

■ In order to establish a prima facie case of employment discrimination pursuant to Title VII or 42 U.S.C. § 1983, a plaintiff must show that (1) he belongs to a protected class; (2) he is qualified for the position for which employer sought appli-

cants; (3) he was denied the position, and (4) the denial occurred under circumstances giving rise to a reasonable inference of discrimination. *See Weinstock,* 224 F.3d at 42. We agree with the district court that although Bembry satisfies the first part of this test, he does not satisfy the other three sufficient to establish a prima facie case of employment discrimination. Bembry offers no evidence other than his own conclusory allegations that he was qualified for a promotion beyond Grade 12.

■ Finally, as to Bembry's state-law claim of discrimination, even if Bembry had pled facts sufficient to survive summary judgment, the district court lacks subject matter jurisdiction over the action due to the fact that Bembry had previously filed his complaint with the NYSDHR. *See Moodie v. Federal Reserve Bank of N.Y.,* 58 F.3d 879 (2d Cir.1995).

We have considered appellants remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.