Richard DETERS and Derrick Storzieri, Plaintiffs–Appellants,

v.

CITY OF POUGHKEEPSIE, City of Poughkeepsie Police Department, Collete Lafuente, and Ronald Knapp, Defendants–Appellees.

Docket No. 04–4574.

United States Court of Appeals, Second Circuit.

Sept. 19, 2005.

Scott B. Tulman, New York, NY, for Appellants.

Lance H. Klein (Eric L. Gordon, Edward J. Phillips, on the brief), Keane &

Beane, P.C., White Plains, NY, for Appellees, of counsel.

Present: RICHARD J. CARDAMONE, ROSEMARY S. POOLER, and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiffs-appellants Richard Deters and Derrick Storzieri appeal from a judgment of the district court granting summary judgment to defendants-appellees and dismissing appellants' claims under 42 U.S.C. § 1983 based on First Amendment retaliation. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review a district court's grant of summary judgment de novo. *See Steel Partners II, L.P. v. Bell Indus., Inc.*, 315 F.3d 120, 123 (2d Cir.2002). Summary judgment is appropriate where, examined in the light most favorable to the nonmovant, the record shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Id.*

The statute of limitations for Section 1983 claims in New York is three years. *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994); *see also Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir.1997) (explaining that Section 1983 claims are governed by the state statute of limitations for personal-injury actions). Deters and Storzieri filed their suit on January 22, 2002. The suit is thus time-barred unless the claim accrued on or after January 22, 1999. By this date, the investigation, the criminal trial, the state suit, the settlement offers, the Article 78 proceeding, and four non-consecutive days of the disciplinary hearing had already occurred. The only relevant events after this date were the remainder of the disciplinary hearing and the dismissal of the charges.

■ Deters and Storzieri mount three arguments as to why their claim should not be time-barred, none of which have merit. They first argue a delayed accrual theory, claiming that it was not clear that the City was acting in a retaliatory manner until it pursued the hearings, which continued up to July 2000. Accrual does not occur until the plaintiff has notice of both the injury and the illegal conduct giving rise to that injury. *Veal*, 23 F.3d at 724; *see also Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir.1995). Nonetheless, the settlement offers and Lafuente's public statements demonstrate that Deters and Storzieri were aware of both the disciplinary charges and the purported link between the charges and their state suit before January 22, 1999. Deters and Storzieri did not become aware of any new information shedding light on their claim between January 22, 1999, and the dismissal of charges. They did learn that they had won in their disciplinary hearing, but we have previously held that accrual does not depend on judicial verification of a defendant's wrongdoing. *Veal*, 23 F.3d at 724.

■ Deters and Storzieri next argue that dicta in *Washington v. County of Rockland*, 373 F.3d 310, 319 (2d Cir.2004), justifies delaying the filing of a federal suit implicating factual issues pending before a state administrative proceeding until the latter proceeding is concluded. The quoted language relied on the abstention principles laid out by *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny, which held that a federal court should not enjoin pending

state proceedings that provide the federal plaintiff with an appropriate remedy, citing concerns of comity, deference, and judicial economy. *Washington,* 373 F.3d at 318; *see also Trainor v. Hernandez,* 431 U.S. 434, 440–44, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977). *Washington* is thus correct to say that perhaps a plaintiff should refrain from filing until after the state proceeding is concluded, but this does not mean that the clock only starts to run after the state proceeding is concluded. In any case, *Washington* follows up its dicta with the observation that the question of whether charges have merit is a different issue than the motivation behind the decision to bring charges, so that no abstention principle would apply. 373 F.3d at 319. The same is true here.

■ Finally, Deters and Storzieri claim that the maintenance of charges is a continuing violation, so that they need show only one act in furtherance of that violation within the limitations period. The Supreme Court recently clarified that the continuing-violation doctrine does not apply to discrete acts, but only to ongoing circumstances that combine to form a single violation that "cannot be said to occur on any particular day." *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113–15, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). The wrong in a retaliation claim is an adverse employment action motivated by the employee's protected conduct. *See Morris v. Lindau,* 196 F.3d 102, 110–11 (2d Cir.1999). The alleged action here is therefore the decision or decisions to maintain charges in retaliation for the state lawsuit, not the fact that the charges were, as a result, continuously hanging over the appellants' heads. *See Washington,* 373 F.3d at 318 (holding, in the Title VII context, that the relevant discrimination occurred at the time that charges were filed, and did not continue through prosecution

of the charges). The mere fact that the effects of retaliation are continuing does not make the retaliatory act itself a continuing one. As all of the decisions to maintain charges are outside of the limitations period, the present action is time-barred.

Because we conclude that the statute-of-limitations defense is dispositive, we need not reach the issues of whether Deters and Storzieri have demonstrated material issues of fact on various aspects of their claim.

For the above reasons, we affirm the judgment of the district court.