**E. Dennis LEE and Helen Lee,**
**Plaintiffs–Appellants,**

v.

**TOWN BOARD OF TOWN OF ELLI-COTT, NEW YORK, each Board member individually and in their official capacity, Town of Ellicott, New York, and Robert W. Van Every, individually, Defendants–Appellees.**

Docket No. 04–4417–CV.

United States Court of Appeals, Second Circuit.

Sept. 28, 2005.

Charles E. Fagan, Jamestown, N.Y., for Appellants.

Mark J. Schaefer, Brown & Kelly, LLP, Buffalo, N.Y., Brian A. Birenbach, Damon & Morey LLP, Buffalo, N.Y., for Appellees.

Present: NEWMAN, CALABRESI, and STRAUB, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the District Court is **AFFIRMED** in part, and **VACATED** and **REMANDED** in part.

Plaintiffs–Appellants Dennis and Helen Lee run a gravel and topsoil evacuation business from their property, which is located partially in the Town of Ellicott, in Chautauqua County, New York ("the Town"). On March 10, 1995, the Town began an action in state court to enjoin permanently the Lees' use of their property for several activities related to this business, claiming that these were barred by local zoning ordinances. In 2002, the Lees filed an action in federal court, asserting, *inter alia*, that the Town of Ellicott and several officials of the Town, including Robert W. Van Every, Town Attorney in 1995, maliciously and capriciously pursued the aforementioned abatement action against them, and in so doing, violated several of the Lees' constitutional rights. In a Memorandum and Order filed July 14, 2004, Judge Elfvin of the Western District of New York granted summary judgment in favor of all defendants on all claims. The court held that Plaintiffs–Appellants' claims were time-barred by the applicable federal and state statutes of limitations. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

 The majority of Appellants' federal claims were based on the filing of the Town's abatement action on March 10, 1995. The district court correctly found that these claims were barred by the three-year statute of limitations applicable to such claims in New York. *See Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir.1997). The district court properly rejected Appellants' theory that the continuous violation doctrine applied to their case, as this argument was foreclosed by this court's opinions in *Washington v. County of Rockland*, 373 F.3d 310, 318 (2d Cir.2004), and *Singleton v. City of New York*, 632 F.2d 185, 192–93 (2d Cir.1980). Appellants' second argument, that they had no right to bring the federal action until the conclusion of the state court proceedings, was also foreclosed by this court in *Rockland*. *See* 373 F.3d at 318–19.

 Appellants also contend that, even if the statute of limitations bars most of their federal claims against the Town, they

have a timely federal claim based on the Town's filing of a motion for contempt in 2001 for violation of the 1995 injunction. However, in the absence of any allegation that the contempt motion was initiated on the basis of an impermissible factor such as race, religion, or ethnicity, the mere bringing of a contempt motion for alleged violation of an injunction that remained in force does not state a federal claim on which relief can be granted. *See United States v. United Mine Workers*, 330 U.S. 258, 293, 67 S.Ct. 677, 91 L.Ed. 884 (1947) ("[A]n order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." (footnote omitted)). Appellants assert that the Town induced them to violate the injunction, but that claim would constitute, at most, a defense to the contempt motion, and does not transform the bringing of the motion into a federal cause of action. Of course, any civil remedy the Town might have obtained would have been voided had the injunction been overturned, *see id.* at 295, 67 S.Ct. 677, but that possibility also does not make the bringing of the contempt motion actionable.

■ The District Court dismissed on limitations grounds all of Appellants' state law claims. Because it is unclear which state statute of limitations applies and the effect of any of the arguably relevant limitations periods on Appellant's claims, we conclude that, once the federal claims failed at the outset, supplemental jurisdiction over the state law claims should not have been exercised. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

As for the federal cause of action against Van Every as an individual, this claim accrued on March 10, 1995 and was properly dismissed on the same statute of limi-

tations grounds governing the Lees' § 1983 claims. And the federal claim against Van Every for allegedly having some role with respect to the contempt motion fails to state a claim for the same reason that this claim is deficient as to the Town. The exercise of supplemental jurisdiction over the state law claims against Van Every was also inappropriate.

Accordingly, we affirm the dismissal of all of Appellants' federal claims, but vacate the dismissal of all of Appellants' state law claims, and remand for dismissal of those claims without prejudice to whatever state court remedies may be available.

The judgment of the district court is **AFFIRMED** in part, **and VACATED** and **REMANDED** in part for further proceedings consistent with this opinion.