Frederick Joseph JENNIS,
Plaintiff–Appellant,

v.

Duane ROOD, Jacquelin Phinney, Richard Perrin, IBM # 534/working unit # 651, M. Werbeck, working unit # 441, Syracuse police officer, John Doe; John Doe # 5, John Doe # 6; John Doe # 7, John Doe # 8, John Doe # 9, Onondaga County Sheriff Deputies, Onondaga County Sheriff's Department, Terrance J. McGinn, police officer, Thomas L. Derby, # 183, police officer, Detective E. Carr, police officer, Michael Heenan, police officer, Pauline E. Eggers, police officer, Defendants–Appellees.

No. 07–0545–pr.

United States Court of Appeals,
Second Circuit.

Feb. 17, 2009.

Frederick J. Jennis, Syracuse, NY, pro se Plaintiff–Appellant.

Anthony P. Rivizzigno, Onondaga County Attorney (Kathleen M. Dougherty, of Counsel, on the brief), Syracuse, NY, for Onondaga County, Defendants–Appellees.

Rory A. McMahon, Corporation Counsel, City of Syracuse, Syracuse, NY, for City of Syracuse, Defendants–Appellees.

Present: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, Circuit Judges and JED S. RAKOFF,* District Judge.

## SUMMARY ORDER

Plaintiff-appellant Frederick J. Jennis filed a 42 U.S.C. § 1983 complaint alleging civil rights violations against several police officers from the City of Syracuse ("Syracuse defendants"), several John Doe jail deputies from Onondaga County Sheriff's Department ("Onondaga County defendants"), and the Onondaga County Sheriff's Department ("Department"). Jennis appeals the district court's orders denying his motion to amend his second amended complaint and granting defendants-appellees' motions to dismiss. We assume the parties' familiarity with the facts, the proceedings below, and the issues on appeal.

■■■■ The district court did not abuse its discretion by denying Jennis's motion for leave to amend on the ground that he did not name the Onondaga County defendants until after expiration of the statute of limitations. Jennis moved to amend to name the individual defendants in September 2003. Because the allegations in the complaint arise from events that occurred in June or July of 2000, the statute of limitations expired by July 2003. See Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir.1997) (holding that the statute of limitations for a § 1983 action, arising from events in New York, is New York's three-year limitations period applicable to personal injury actions). An amendment under Federal Rule of Civil Procedure 15(c) will not relate back to the filing date of the complaint "if the newly-added defendants were not named originally because the plaintiff did not know their identities." Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir.1995), modified, 74 F.3d 1366 (2d Cir.1996). Jennis's failure to name the individual defendants was due to a lack of knowledge, not mistake. See id. The district court reasonably concluded that the proposed amendment was futile since the statute of limitations had run and the relation-back doctrine did not apply.

A court "ha[s] discretion to grant extensions [of time for service of process] even in the absence of good cause." Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir.2007). Where Jennis had been granted an extension by a magistrate judge and served the Onondaga County Sheriff's Department within the specified time, the district court could not dismiss for lack of proper service. We nonetheless affirm dismissal of the Department. There cannot be an independent claim against the Department for municipal liability unless Jennis could prove a constitutional violation by one of the Onondaga County jail deputies. See Segal v. City of New York, 459 F.3d 207, 219 (2d Cir.2006) ("Monell does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation.... Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under Monell was entirely correct."). Jennis is unable to show a constitutional violation by the Onondaga

---

* The Honorable Jed S. Rakoff, United States District Judge of the United States District Court for the Southern District of New York, sitting by designation.

County defendants since the claims against them were properly dismissed as time-barred.

The district court dismissed the claims against the Syracuse defendants under Federal Rule of Civil Procedure 12(b)(6).[1] We review de novo a district court's grant of a motion to dismiss, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002) (citation omitted). The complaint "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir.2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).

■ The Fourth Amendment prohibits police use of excessive force measured by the standard of objective reasonableness. *Graham v. Connor,* 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Stephenson v. Doe,* 332 F.3d 68, 77 (2d Cir. 2003). A claim of excessive police force in violation of the Fourth Amendment requires "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396, 109 S.Ct. 1865. Police may use deadly force "if necessary to prevent escape, and if, where feasible, some warning has been given." *Tennessee v. Garner,* 471 U.S. 1, 11–12, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985).

Whether the officers use of deadly force in response to Jennis's behavior was reasonable cannot be resolved at the pleading stage. Jennis alleged that officers shot him four times as he was "walking slowly and quietly down [his] driveway holding an axe in a nonthreatening manner down at [his] right side and purposely maintaining at least 25 feet from the officers as [he] was in a non-violent protesting state of mind." While the officers determined that Jennis had committed robbery and Jennis refused their requests to drop a deadly weapon, the allegations do not suggest that Jennis was escaping or that the officers warned Jennis prior to shooting him. *See Garner,* 471 U.S. at 11–12, 105 S.Ct. 1694. The facts alleged thus sufficiently state a claim of excessive force.

We otherwise affirm the district court's decision. Jennis failed to offer facts, in support of his malicious prosecution claim, to rebut the presumption of probable cause that is triggered by a grand jury indictment, *see Savino v. City of New York,* 331 F.3d 63, 72 (2d Cir.2003), and, in any event, does not allege that the indictment on attempted assault charges caused a "post-arraignment restraint of liberty." *Rohman v. New York City Transit Auth.,* 215 F.3d 208, 216 (2d Cir.2000). While we have held that a coercive police interrogation amounting to outrageous government conduct is a substantive due process violation of the Fourteenth Amendment, *see, e.g., Deshawn E. by Charlotte E. v. Safir,* 156 F.3d 340, 348 (2d Cir.1998), Jennis has not alleged sufficiently egregious conduct to state a viable claim. For substantially the reasons provided by the district court,

---

1. Jennis incorporates by reference the arguments made before the district court in opposition to dismissal of the claims against the Syracuse defendants. While we normally do not consider this practice sufficient to raise an argument for appellate review, "this rule is, of course, tempered in *pro se* cases by our duty to construe liberally papers filed by *pro se* litigants." *Norton v. Sam's Club,* 145 F.3d 114, 118 n. 1 (2d Cir.1998).

we also affirm the dismissal of Jennis's other claims.

For the foregoing reasons, the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and is **REMANDED** for further proceedings consistent with this order.