SUMMARY ORDER

Plaintiff-Appellant Russell D. Palmer, pro se, appeals from the October 3, 2006 judgment of the United States District Court for the Southern District of New York (Robinson, J.) dismissing his civil rights complaint, and its October 26, 2006 order denying his motion for reconsideration. We assume the parties’ familiarity with the underlying facts and procedural history of the case, as well as with the issues presented on appeal.
The district court correctly concluded that Palmer’s excessive force claim accrued on December 4, 1999, when he was arrested and subjected to the alleged use of excessive force, and that Palmer’s false arrest and malicious prosecution claims accrued on December 6, 1999, when the charges were dismissed as “legally insufficient.” Accordingly, all three claims were time-barred. See Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir.1997).
Palmer argues that the date his criminal case was sealed by operation of state law determined when his claims accrued. We disagree. Palmer knew or should have known that he suffered an injury on December 6, 1999, the date the criminal charges were dismissed, see Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir.1980), as that is the date when the state criminal proceedings were “conclusively terminated” in his favor, Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir.1995). Accordingly, Palmer’s claims expired no later than December 6, 2002, and therefore his November 30, 2004 complaint is time-barred.
For the foregoing reasons, we AFFIRM the judgment and order of the district court.