16-4208-cv
Schafler v. Merrill Lynch, Pierce, Fenner & Smith, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand eighteen.

PRESENT: REENA RAGGI,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*∗

_____

PEPI SCHAFLER,

*Plaintiff-Appellant*,

v.                                                                              No. 16-4208-cv

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,

*Defendant-Appellee.*

_____

APPEARING FOR APPELLANT:        PEPI SCHAFLER, *pro se*,
North Bethesda, Maryland.

APPEARING FOR APPELLEE:          MICHELLE MELLO, Norton Rose
Fulbright US LLP, New York,
New York.

---

∗ Judge Raymond J. Lohier, Jr. is recused in this case. Therefore, this case is decided by the two remaining members of the panel pursuant to Internal Operating Procedure E(b) of the Rules of the United States Court of Appeals for the Second Circuit.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 1, 2016, is AFFIRMED.

Plaintiff Pepi Schafler, proceeding *pro se*, appeals from the district court's order dismissing her negligence, fraud, conversion, breach of fiduciary duty, and conspiracy claims against defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") as barred by *res judicata*, collateral estoppel, and the applicable statutes of limitations. She also appeals from the district court's filing injunction—which requires Schafler to include a copy of the district court's dismissal order with any new action she files in the Southern District of New York—and the district court's denial of her motion to join additional parties. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a claim as time-barred and its application of *res judicata* and collateral estoppel. *See Fuchsberg & Fuchsberg v. Galizia*, 300 F.3d 105, 109 (2d Cir. 2002) (collateral estoppel); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 368 (2d Cir. 1997) (*res judicata*); *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) (statute of limitations). Upon such review, we conclude that the district court properly dismissed Schafler's complaint. We affirm for substantially the reasons stated by the district court in its thorough and well-reasoned November 30, 2016 order.

We also conclude that the district court did not abuse its discretion by imposing a filing injunction on Schafler. A district court may, in its discretion, impose a filing

2

injunction if confronted with "extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation . . . or a failure to comply with sanctions imposed for such conduct." *Milltex Indus. v. Jacquard Lace Co.*, 55 F.3d 34, 39 (2d Cir. 1995) (internal quotation marks omitted); *see generally In re Martin-Trigona*, 9 F.3d 226 (2d Cir. 1993). A district court "may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkely*, 147 F.3d 207, 208 (2d Cir. 1998). We consider the following factors when reviewing a lower court's filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). The question the court ultimately must answer is "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

The district court here meticulously recounted Schafler's prior actions challenging the 2001 bankruptcy order approving the sale of her stock certificates, as well as the sanctions imposed on her by other courts for continually seeking to relitigate that decision. Schafler was on notice of a possible injunction because Merrill Lynch requested it in its motion to dismiss, but Schafler chose not to address the request in the four opposition briefs she filed. At this point, Schafler cannot have any objective, good-faith expectation of

3

prevailing on her claims. And as the district court correctly observed, despite repeated warnings and sanctions in several jurisdictions, Schafler has continued to file actions raising the same issues. Accordingly, the district court's limited filing injunction, which requires only that Schafler include a copy of the district court's dismissal order with any new action she files in the Southern District of New York, was not an abuse of discretion.

The district court also did not abuse its discretion by denying Schafler's motion to join an additional party. *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 385 (2d Cir. 2006). Schafler argues that joinder was necessary because additional parties participated in the alleged conspiracy. The reasoning underlying the district court's dismissal of her complaint, however, would also bar any claims against additional parties.

Insofar as Schafler urges vacatur because Judge Román exhibited bias against her, the record belies this claim, *see Liteky v. United States*, 510 U.S. 540, 555 (1994), and shows that Judge Román resolved the case in an appropriate and impartial manner.

We have considered all of Schafler's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4