24-1029-cv
*DiBenedetto v. Coley*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty-four.

Present:
>GERARD E. LYNCH,
>MICHAEL H. PARK,
>EUNICE C. LEE,
>>*Circuit Judges.*

---

VINCENT DIBENEDETTO,

>*Plaintiff-Appellant*,

>v.                                                                24-1029-cv

MAURICE COLEY,

>*Defendant-Appellee.\**

---

FOR PLAINTIFF-APPELLANT:          VINCENT DIBENEDETTO, pro se, Carmel, NY.

FOR DEFENDANT-APPELLEE:          JOSHUA N. COHEN, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Mark S. Grube, Senior Assistant Solicitor General, and Ji Young Ryu, Law

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Intern, *on the briefs*), *for* Letitia James, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Halpern, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Vincent DiBenedetto, proceeding *pro se*, filed a 42 U.S.C. § 1983 lawsuit against New York state trooper Maurice Coley on July 11, 2022. In his operative complaint, DiBenedetto alleged that Coley violated his Fourth and Fourteenth Amendment rights during an August 2018 traffic stop and a traffic-court proceeding in April 2019. During the traffic stop, Coley allegedly asked DiBenedetto to surrender his unlocked phone, which he searched before demanding DiBenedetto's license and registration. Coley ticketed DiBenedetto for an unspecified offense. DiBenedetto challenged that ticket at a traffic-court proceeding during which he claims Coley violated his due-process rights.

The district court granted Coley's motion to dismiss after concluding that DiBenedetto's claims were time-barred under New York's three-year statute of limitations for § 1983 claims and finding no basis for tolling the limitation periods. *See DiBenedetto v. Coley*, No. 22-CV-05926, 2024 WL 1216703, at *4 (S.D.N.Y. Mar. 21, 2024). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## I.  *Rooker-Feldman*

Coley argues that the *Rooker-Feldman* doctrine deprived the district court of jurisdiction over DiBenedetto's traffic-court claims because he "complains of injuries caused by a state court judgment." But DiBenedetto seeks damages for Coley's misconduct in securing that judgment,

not reversal of the judgment itself. The district court thus properly exercised jurisdiction because "*Rooker-Feldman* does not bar plaintiffs from seeking compensatory damages for misconduct that defendants pursued in obtaining state court judgments." *Dorce v. City of New York*, 2 F.4th 82, 104 (2d Cir. 2021) (quotation marks omitted).

## II. Timeliness

"We review *de novo* a district court's grant of a defendant's motion to dismiss, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. A district court's legal conclusions, including its interpretation and application of a statute of limitations, are likewise reviewed *de novo*." *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011) (citations and quotation marks omitted).[1] "[A] statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015) (quotation marks omitted).

"In section 1983 actions, the applicable limitations period is found in the general or residual [state] statute [of limitations] for personal injury actions." *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) (quotation marks omitted). So "New York's three-year statute of limitations for unspecified personal injury actions governs section 1983 actions in New York." *Id.* (citation omitted). "State tolling rules govern[] . . . except when inconsistent with the federal policy underlying the cause of action under consideration." *Bd. of Regents of Univ. of State of N.Y. v.*

---

[1] DiBenedetto proceeds pro se, so "[w]e liberally construe pleadings and briefs submitted by [him], reading such submissions to raise the strongest arguments they suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (quotation marks omitted).

*Tomanio*, 446 U.S. 478, 485 (1980) (quotation marks omitted).   But "federal law governs the determination of the accrual date (that is, the date the statute of limitations begins to run) for purposes of the statute of limitations in a section 1983 action."   *Ormiston*, 117 F.3d at 71.

The district court correctly concluded that DiBenedetto's complaint was not timely as to his traffic-stop claims.   Those claims accrued on the day of the injury—that is, the stop and search in August 2018—so his July 2022 filing came after the three-year limitations period had expired.   *See Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994).   Nor has DiBenedetto pleaded the facts required for equitable tolling or tolling by equitable estoppel under New York law.   *See O'Hara v. Bayliner*, 89 N.Y.2d 636, 647 (1997) (describing the "extraordinary [f]ederal equitable tolling remedy"); *Zumpano v. Quinn*, 6 N.Y.3d 666, 673 (2006) (describing equitable estoppel for statute-of-limitation defenses).   DiBenedetto points to the time he spent in fruitless state-court appeals of his traffic-violation conviction, which he appears to believe were required before he could bring this action.   But DiBenedetto could have sued Coley for violating his Fourth Amendment rights independently of his state-court case.   *See Knick v. Twp. of Scott*, 588 U.S. 180, 185 (2019) ("[T]he settled rule is that exhaustion of state remedies is not a prerequisite to an action under [42 U.S.C.] § 1983." (quotation marks omitted)).   Neither a mistake of law nor pro se status is sufficient for equitable tolling.   *See Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016); *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000).   We thus affirm the district court's dismissal of the traffic-stop claims as untimely.

DiBenedetto's traffic-court claims, however, may be timely.   New York's Executive Order 202.8 and later extensions declared that "any specific time limit for the commencement, filing, or service of any legal action . . . is hereby tolled" because of the state's disaster declaration

4

in March 2020. *See* 9 N.Y.C.R.R. §§ 8.202.8, 8.202.67. The New York Court of Appeals construes these executive orders as having "tolled all filing periods" from March 20, 2020 to November 3, 2020. *Favourite Ltd. v. Cico*, 42 N.Y.3d 250, 260 (2024). It is thus possible that DiBenedetto's traffic-court claims were timely filed.[2] But we need not decide whether the executive orders affect the statute of limitations here because DiBenedetto failed to state a claim as to the traffic-court proceedings, and "[w]e may affirm a district court's grant of a motion to dismiss on any basis supported by the record, including grounds upon which the district court did not rely." *Pauwels v. Deloitte LLP*, 83 F.4th 171, 178 (2d Cir. 2023) (citations and quotation marks omitted).

### III.    Failure To State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted). In other words, the complaint must raise more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

DiBenedetto's allegations about his traffic-court proceeding failed to state a claim. Liberally construed, DiBenedetto's complaint raises two claims relating to the proceeding. First, he alleges that Coley violated his due-process rights by giving false testimony as a witness. But witnesses have absolute immunity from § 1983 claims for their testimony, even when the witness is a police officer and gave false testimony. *Briscoe v. LaHue*, 460 U.S. 325, 335-36 (1983);

---

[2] Assuming the executive orders tolled the statute of limitations on DiBenedetto's claims, his traffic-stop claims would still have been untimely as of March 2022, but his due-process claims would have been timely until November 15, 2022, well after his July 2022 filing.

*Rehberg v. Paulk*, 566 U.S. 356, 367 (2012).   DiBenedetto's false-testimony claim thus fails under Rule 12(b)(6).

Second, DiBenedetto alleges a conspiracy by Coley, the traffic-court judge, and the prosecutor to violate his civil right to a fair trial.   In support, DiBenedetto points to the hostility of the traffic-court proceeding and to social-media connections among the three alleged conspirators.   "To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).   "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed."   *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (quotation marks omitted).   Although § 1983 conspiracies may be proven by "circumstantial, rather than direct, evidence," *Pangburn*, 200 F.3d at 72, DiBenedetto alleged only a "gut feeling" that social-media "[f]riends help friends," without referencing any express or tacit agreement to inflict constitutional injury.   Such "[d]iffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977).   DiBenedetto also failed to allege how Coley could have "act[ed] in concert" to bring about his own false testimony, the prosecutor's questions about DiBenedetto's driving record, or the traffic-court judge's decision to bar questions about the cell-phone search.

\*     \*     \*

6

We thus conclude that DiBenedetto's complaint was properly dismissed because his traffic-stop claims were untimely and his traffic-court claims failed under Rule 12(b)(6). We have considered all of DiBenedetto's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court