24-8-cv
*Khokhar v. Warmhold*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand twenty-four.

PRESENT:     GUIDO CALABRESI,
             SARAH A. L. MERRIAM,
                  *Circuit Judges*,
             JED S. RAKOFF,
                  *District Judge.*\*

_____

MOHAMMAD KHOKHAR,

     *Plaintiff-Appellant*,

    v.                                                      No. 24-8-cv

KEVIN WARMHOLD,

     *Defendant-Appellee*.

_____

---

\* Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:                    MOHAMMAD KHOKHAR, proceeding *pro se*, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kovner, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 28, 2023, judgment of the District Court is **AFFIRMED**.

Appellant Mohammad Khokhar brought this action against police officer Kevin Warmhold, alleging claims under 42 U.S.C. §1983 related to an alleged violent encounter in 2013. The District Court granted Khokhar leave to proceed *in forma pauperis*, screened his complaint under 28 U.S.C. §1915(e)(2)(B), and ordered him to explain within 28 days why his claims were not time-barred by New York's three-year statute of limitations for section 1983 claims. After Khokhar did not meaningfully respond, the District Court *sua sponte* dismissed the complaint as time-barred. Khokhar timely appealed. We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint under 28 U.S.C. §1915(e)(2)(B). *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Because Khokhar has proceeded *pro se* throughout this litigation, we liberally construe his filings to raise the strongest claims and arguments they suggest. *See Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (per curiam).

A district court "shall dismiss" an *in forma pauperis* complaint where the court determines that it "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). When it is clear from the face of a complaint that the claims are time-barred, dismissal under section 1915(e)(2)(B)(ii) is appropriate provided that the plaintiff has been given notice and an opportunity to be heard on the issue. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007).

Khokhar's complaint was properly dismissed *sua sponte* by the District Court. The alleged conduct underlying Khokhar's section 1983 claims occurred in 2013. The statute of limitations for section 1983 actions in New York is three years. *See Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997). Khokhar alleges that a neck injury caused by the incident was not discovered until 2021, but his claims accrued -- and the three-year clock started to run -- when the alleged misconduct and harm occurred, not when he discovered the seriousness of the injury. *See Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015) (A section 1983 claim accrues "when the wrongful act or omission results in damages," even if "the full extent of the injury is not then known." (citation and quotation marks omitted)).

Nevertheless, equitable tolling allows a court "to extend a statute of limitations on a case-by-case basis to prevent inequity" where a plaintiff "demonstrate[s] as a factual matter the existence of two elements: first, that some extraordinary circumstance stood in [his] way and second that [he] has been pursuing [his] rights diligently." *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023) (citations and quotation marks omitted). The complaint itself provides no allegations to support tolling the statute of limitations. And,

3

despite being offered an opportunity to allege a basis for tolling in the District Court, Khokhar did not do so. He also presents no arguments supporting a basis for tolling in his appellate brief.

The limitations period for Khokhar's claims expired in 2016.[1] Because his complaint was filed well-beyond the limitations period, the District Court properly dismissed it as time-barred. *See Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011). We have considered Khokhar's remaining arguments and conclude that they are without merit.

Accordingly, we **AFFIRM** the judgment of the District Court. Because Khokhar filed documents containing sensitive information that should not have been filed unredacted on the public docket, *see* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2(a), the Clerk of the Court is respectfully ordered to seal docket entries 16 and 19 from public view. While we do not order remand, the District Court is respectfully encouraged to similarly review its docket for material that should have been redacted pursuant to Rule 5.2(a) of the Federal Rules of Civil Procedure.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Khokhar does not assert that the District Court failed to give him notice and an opportunity to be heard on the issue of timeliness, and we do "not manufacture claims of error" even for a *pro se* appellant. *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995). In any event, we are satisfied that Khokhar received appropriate notice and an opportunity to be heard before dismissal.