**David Van WORMER, Plaintiff–Appellant,**

v.

**CITY OF RENSSELAER, Frederick M. Fusco, James Frankowski, Mark Pratt, Maureen Nardacci, Margaret Van Dyke, Lynn Ganance, Defendants–Appellees.**

No. 07–1641–cv.

United States Court of Appeals, Second Circuit.

Sept. 22, 2008.

Sue H.R. Adler, Albany, NY, for Appellant.

Daniel J. Stewart, Brennan & White, L.L.P., Queensbury, NY, Matthew J. Kelly, Roemer Wallens & Mineaux, LLP, Albany, NY, for Appellees.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, Circuit Judges, JED S. RAKOFF,[1] Judge.

## SUMMARY ORDER

Plaintiff David G. Van Wormer appeals from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*), filed March 22, 2007, 2007 WL 913922, granting defendants' motions to dismiss and dismissing all of his claims. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

This Court reviews de novo a district court's grant of a motion to dismiss, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002) (citation omitted). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), "only enough facts to state a claim to relief that is plausible on its face," *id.* at 1974.

The applicable statute of limitations is the New York State three-year statute of limitations for personal injury actions. *See Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir.1997). Van Wormer filed this suit on April 8, 2005. Van Wormer's claims are therefore time-barred unless they accrued on or after April 8, 2002. The disciplinary charges, which proposed Van Wormer's termination, were filed on September 21, 2001, and an arbitration hearing on those charges took place on February 14, 2002. Van Wormer was found guilty of the disciplinary charges in an arbitration award dated April 9, 2002, and he was terminated shortly thereafter.

"While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues. The claim accrues when the plaintiff knows or has reason to know of the harm." *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir.1994) (citation and internal quotation marks omitted). The district court, relying on *Washington v. County of Rockland*, 373 F.3d 310 (2d Cir.2004),

1. The Honorable Jed S. Rakoff, United States District Judge of the United States District Court for the Southern District of New York, sitting by designation.

ruled that Van Wormer's action was untimely because he knew or had reason to know of the retaliation when the disciplinary charges were filed in 2001.

Washington involved a claim of retaliatory discipline, whereas Van Wormer asserts a claim of retaliatory discharge. Nonetheless, we conclude that Van Wormer's claims are time-barred because he had notice of his proposed termination before April 8, 2002, and he alleges no unconstitutional act after that date. As counsel conceded at oral argument, Chief Fusco and Deputy Chief Frankowski took no retaliatory action after they filed the disciplinary charges. Although Van Wormer alleges that the Board of Public Safety defendants "approved and ratified the arbitration award and terminated" him after April 8, 2002, he does not allege that these acts were intentionally retaliatory, as required for a First Amendment retaliation claim under 42 U.S.C. § 1983. *See Chardon v. Fernandez,* 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) (per curiam) ("The fact of termination is not itself an illegal act."). That the effects of retaliation are continuing does not make the retaliatory act itself a continuing violation. Therefore, Van Wormer's retaliation claims are time-barred.

The district court dismissed Van Wormer's due process claim on the ground that the complaint failed to provide "a short and plain statement of the claim" as required by Federal Rule of Civil Procedure 8(a)(2). A Rule 8(a)(2) dismissal without leave to amend is rarely warranted. *See Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). Van Wormer's complaint alleged that he held a property interest in his job, that he could be removed only in accordance with the Collective Bargaining Agreement ("CBA"), that the defendants circumvented the CBA requirements, and that the defendants deprived him of his position without due process of law.

These allegations, although not detailed, were probably sufficient to provide "fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (citations, internal quotation marks, and ellipsis omitted).

Nonetheless, this Court is "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *See United States v. Yousef,* 327 F.3d 56, 156 (2d Cir.2003) (internal quotations omitted). In his reply brief, Van Wormer argues that the defendants violated the CBA by filing false charges against him in retaliation for his protected activity, while ignoring misconduct by other officers. Van Wormer has failed to identify any inadequacy in the process that he was due and received after the disciplinary charges were brought. *See Adams v. Suozzi,* 517 F.3d 124, 128 (2d Cir.2008) (collecting cases holding that pre-deprivation notice and adequate grievance procedures provided by a CBA are sufficient to satisfy due process). Van Wormer had pre-deprivation notice through the arbitration hearing, and had the opportunity to challenge that decision in a post-deprivation hearing before the New York State Supreme Court. Leave to amend would be futile under the circumstances. *See Ellis v. Chao,* 336 F.3d 114, 127 (2d Cir. 2003) ("[L]eave to amend a complaint need not be granted when amendment would be futile."). Because Van Wormer has failed to identify a basis for finding a due process violation, we affirm dismissal of the due process claim.

For these reasons, we AFFIRM the judgment of the district court.