**Robert CLAVIN, Plaintiff,**

v.

**COUNTY OF ORANGE, Defendant.**

**No. 14 CV 769(VB).**

United States District Court, S.D. New York.

Signed Aug. 4, 2014.

Michael Howard Sussman, Sussman & Watkins, Goshen, NY, for Plaintiff.

Hyun Chin Kim, Goshen, NY, for Defendant.

### MEMORANDUM DECISION

BRICCETTI, District Judge.

Plaintiff Robert Clavin brings this Section 1983 action against the County of Orange, alleging defendant's failure to issue a Master Electrician's License de-

prived plaintiff of property without due process of law. Plaintiff also challenges the local law governing the issuance of Master Electrician's Licenses, alleging the law is unconstitutionally vague.

Now pending is defendant's motion to dismiss under Rule 12(b)(6). (Doc. # 4).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For purposes of ruling on this motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor. Plaintiff is a plumber and electrician who has performed commercial and residential plumbing and electrical work since 1987.

At issue are plaintiff's applications for a Master Electrician's License pursuant to County of Orange, Local Law No. 8 of 2007 and as amended by Local Law No. 2 of 2011.

Local Law No. 8 of 2007 established qualifications for a Master Electrician's License, set forth examination requirements, and empowered the Orange County Electrical Licensing Board (the "Board") to review qualifications and issue Master Electrician's Licenses to qualified applicants. Local Law No. 8 also contained a grandfather clause allowing certain applicants to receive a license without an exam-

ination and established a renewal procedure for such applicants.

Local Law No. 2 of 2011 amended the previous Local Law No. 8. The relevant change was the addition of the Class B Electrician License and the Class C Electrician License, which are more limited than the Master Electrician's License.

In March 2009, plaintiff applied for and received a Master Electrician's License through the grandfather clause. Plaintiff's license was valid through March 31, 2010. Plaintiff alleges "despite his compliance with the applicable procedures" for renewal of a Master Electrician's License, the County "did not re-issue his Master Electrician's license" and plaintiff instead received a Class C License in 2010.[1] (Compl. ¶¶ 9–10).

By March 2011, plaintiff had taken training courses required by the 2011 version of the law. In March 2011, plaintiff applied for a Master Electrician's License and again received a Class C License.

Accordingly, in 2012, plaintiff commenced an Article 78 proceeding in New York State Supreme Court, which was dismissed as untimely filed.

In 2013, plaintiff was again issued a Class C License[2] and commenced another Article 78 proceeding. The court "ordered the County to issue [plaintiff] a Master Electrician's license[,] finding that there was no record of any consideration of plaintiff for said license, no meeting minutes in which plaintiff's qualifications were discussed or acted upon and no showing that the [C]ounty had ever advised plain-

---

1. The Court notes an inconsistency regarding the chronology of the complaint. Although a 2011 law created the Class C License, plaintiff claims he received such a license in 2010.

2. It is unclear whether plaintiff applied for and received a license in 2012. Although the complaint discusses plaintiff's "entitlement to issuance of a Master Electrician's License in

2011, 2012, 2[0]13 and 2014" (Compl. ¶ 36), the complaint makes no other reference to plaintiff's application for a license for the 2012 year. However, per plaintiff's brief in opposition to the motion to dismiss, plaintiff applied for a license in 2011, 2012, and 2013. (Doc. # 8).

tiff of the basis for its refusal to grant [plaintiff] a Master Electrician's License." (Compl. ¶ 40).

However, defendant declined to issue a master license and filed a notice of appeal on November 19, 2013, triggering an automatic stay under CPLR § 5519(a)(1).

Plaintiff argues that "such appeals normally take at least one full year for adjudication and, to date, the County has done nothing to perfect its appeal and has no incentive to do so." (*Id.* ¶ 43). Accordingly, due to the effect of the automatic stay provision combined with the requirement of annual license renewal, plaintiff alleges, "any state court judgment plaintiff receives will be effectively mooted before it can be decided and without force and effect." (*Id.* ¶ 44).

Plaintiff commenced this Section 1983 action on February 6, 2014, alleging defendant deprived him of a property interest without due process of law. Plaintiff advances four principal theories in support of his claim. First, plaintiff alleges obtaining a Master Electrician's License through the grandfathering process is "a right to which plaintiff is entitled." (*Id.* ¶ 51). Second, plaintiff argues a Master's Electrician's License is "a right to which [plaintiff] is entitled because he meets the qualifications set forth by the pertinent Local Law as adjudicated by State Supreme Court." (*Id.* ¶ 52). Third, plaintiff argues the relevant law allows the Board "to act in an arbitrary and capricious manner and does not provide any standards for the determination of 'competency,'" thereby apparently challenging the constitutionality of the law on its face. (*Id.* ¶ 53). Finally, plaintiff argues defendant "fail[ed] to supervise" the Board and failed to ensure that the Board "implements the Local Law as established." (*Id.* ¶ 54).

Plaintiff commenced this action seeking an injunction (i) invalidating Local Law No. 8 as amended as "impermissibly vague," (ii) compelling defendant to grant plaintiff a grandfathered Master Electrician's License, and (iii) compelling defendant to "implement non-arbitrary and standard procedures" for licensure. Plaintiff also seeks compensatory damages.

## DISCUSSION

### I. *Legal Standard*

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court evaluates the sufficiency of the complaint under the "two-pronged approach" outlined by the Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. *Id.* at 678, 129 S.Ct. 1937; *Hayden v. Paterson,* 594 F.3d 150, 161 (2d Cir.2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." *Ashcroft v. Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937; *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 564, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted unlawfully." *Id.*

## II. *Rooker–Feldman*

■ Defendant argues the *Rooker–Feldman* doctrine deprives the Court of jurisdiction to hear this case.[3]

The Court disagrees.

■ The *Rooker–Feldman* doctrine bars federal courts from hearing claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Hoblock v. Albany Cnty. Bd. of Elections,* 422 F.3d 77, 85 (2d Cir.2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). Four requirements must be met for the doctrine to apply. (1) the federal court plaintiff must have lost in state court, (2) the plaintiff must complain of injuries caused by a state court judgment, (3) the plaintiff must invite district court review and rejection of that judgment, and (4) the state court judgment must have been rendered before the district court proceedings commenced. *Id.* The first and fourth requirements are procedural, and the second and third requirements are substantive. *Id.*

Defendant argues that "[i]nasmuch as [p]laintiff concedes that the very heart of the issue in the present action, the question of whether he is entitled to a master electrician's license, has already been determined by a state court, this Court does not have subject matter jurisdiction over this claim," and "[p]laintiff has readily conceded the facts that trigger the *Rooker–Feldman* doctrine." (Doc. # 10).

Defendant misapplies *Rooker–Feldman.* Here, plaintiff did not lose in state court and, therefore, the first of the four requirements has not been met.

Accordingly, *Rooker–Feldman* does not apply, and the Court has subject matter jurisdiction over this case.

## III. *Statute of Limitations*

Defendant argues the statute of limitations applicable to Section 1983 actions under New York law bars plaintiff's claim.

■ The statute of limitations applicable to a Section 1983 claim accruing in New York is three years. *Pearl v. City of Long Beach,* 296 F.3d 76, 79 (2d Cir.2002). "While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues. The claim accrues when the plaintiff knows or has reason to know of the harm." *Van Wormer v. City of Rensselaer,* 293 Fed.Appx. 783, 783 (2d Cir.2008) (quoting *Eagleston v. Guido,* 41 F.3d 865, 871 (2d Cir.1994)) (summary order). To assert a claim under Section 1983 based on an alleged violation of procedural due process, plaintiff must plead (1) he possesses a liberty or property interest protected by the Constitution or a federal statute, and (2) he was deprived of that liberty or property interest without due process. *See Ciambriello v. Cnty. of Nassau,* 292 F.3d 307, 313 (2d Cir.2002).

■ Assuming, without deciding, that plaintiff has a property interest in a Master Electrician's License, his claim accrued and the statute of limitations began to run at the time of the denial of that license. Plaintiff first received a Class C license in

---

**3.** The *Rooker–Feldman* doctrine arises out of two cases *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 ·S.Ct. 149, 68 L.Ed. 362 (1923), and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

2010,[4] which plaintiff argues "is mentioned in the complaint as necessary background" and "is not integral to the plaintiff's current due process claim." (Doc. # 8).

Plaintiff argues "this process is continuing to unfold and it deprives plaintiff of due process." (*Id.*). To the extent plaintiff is making a "continuing violation" argument, the Court is unpersuaded.

■ "When a plaintiff experiences a continuous practice and policy of discrimination ... the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir.1994) (internal quotation marks omitted), *abrogated in part on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

"[C]ourts of this circuit consistently have looked unfavorably on continuing violation arguments ... and have applied the theory only under compelling circumstances." *Jaghory v. N.Y. State Dept. of Educ.*, 1996 WL 712668, at *5 (E.D.N.Y. Dec. 5, 1996) (internal quotation marks omitted), *aff'd*, 131 F.3d 326 (2d Cir.1997).

In *Jaghory v. N.Y. State Dept. of Educ.*, the court found that plaintiff's claim regarding the denial of his medical license accrued at the time of the first denial, despite plaintiff's reapplication and complaints over the course of twelve years. The court found that "[t]he alleged discriminatory act visited upon [plaintiff] was simply the denial of his license application

in 1983 .... Neither the State's denial of [plaintiff's] subsequent protests and objections nor the alleged rejection of his 1994 renewal application constitute a continuing violation." *Id.* (internal quotation marks and brackets omitted).

The Court finds this reasoning persuasive. In the instant case, the requisite "compelling circumstances" are not present.[5]

Accordingly, plaintiff's claim accrued when he was denied a Master Electrician's License in 2010, more than three years before he commenced this action. Therefore, plaintiff's claim is time-barred.

## IV. *Vagueness Challenge*

■ Generally, when "the interpretation of a statute does not implicate First Amendment rights, it is assessed for vagueness only 'as applied,' i.e., 'in light of the specific facts of the case at hand and not with regard to the statute's facial validity.'" *United States v. Rybicki*, 354 F.3d 124, 129 (2d Cir.2003) (quoting *United States v. Nadi*, 996 F.2d 548, 550 (2d Cir.1993)).

■ Nonetheless, the Second Circuit has identified "two potential standards that may govern non-First Amendment vagueness challenges." *Dickerson v. Napolitano*, 604 F.3d 732, 743 (2d Cir.2010). First, "such challenges are permitted only when 'no set of circumstances exists under which the [law] would be valid.'" *Id.* (quoting *United States v. Salerno*, 481 U.S.

**4.** The Court again observes an inconsistency arising from the allegation that plaintiff received a Class C License, which was not in existence until the 2011 amendment to the Local Law, in 2010. Nevertheless, this inconsistency does not affect the statute of limitations analysis.

**5.** Plaintiff argues defendant's reliance on *Jaghory v. N.Y. State Dep't of Educ.*, 1996 WL

712668, is misplaced, because *Jaghory* did not "involve[] a licensing regime [that] contemplated [annual] re-licensing and the recurrence, each year, of discretionary decision-making which, as here, violated due process." (Doc. # 8). The Court is not persuaded that the annual relicensing requirement is so different from repeated attempts to procure a license so as to render *Jaghory* inapposite.

739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)). Second, a facial challenge may be permissible in "the presence of a constitutionally-protected right." *Id.* at 744 (citing *City of Chicago v. Morales,* 527 U.S. 41, 53, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) (plurality opinion)). However, the Second Circuit permits such a challenge "only after concluding that 'the law is "permeated" with vagueness, and, perhaps, that it infringes on a constitutional right and has no *mens* rea requirement.'" *Id.* (quoting *United States v. Rybicki,* 354 F.3d at 131).[6]

Here, because neither of the potential standards governing a non-First Amendment facial challenge applies, plaintiff is limited to an as-applied vagueness challenge.

 "A statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." *Farrell v. Burke,* 449 F.3d 470, 485 (2d Cir.2006) (quoting *Hill v. Colorado,* 530 U.S. 703, 732, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000)).

Neither of these circumstances exists here. First, both Local Law No. 8 of 2007 and Local Law No. 2 of 2011 clearly set forth the licensing structure and the requisite qualifications for individuals seeking electrician's licenses. Second, both laws provide for the Orange County Electrical Licensing Board to review qualifications and issue licenses to qualified applicants. Although assessing applicants' qualifications is an inherently individualized and fact-specific inquiry, the law does

not encourage arbitrary or discriminatory decision-making.

Therefore, the Local Law is not unconstitutionally vague.

## CONCLUSION

Defendant's motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. # 4) and close this case.

SO ORDERED.

---

**6.** In *Dickerson v. Napolitano,* the Second Circuit observed that the question of "[w]hether a facial void-for-vagueness challenge can be maintained when ... a challenge is not properly based on the First Amendment is unsettled" and declined to decide which of these two standards would apply in the event such a challenge could be maintained. *See id.*