14-3131
*Robert Clavin v. County of Orange*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of July, two thousand fifteen.

PRESENT: RICHARD C. WESLEY,
　　　　　　DEBRA ANN LIVINGSTON,
　　　　　　SUSAN L. CARNEY,
　　　　　　　　　*Circuit Judges.*

---

ROBERT CLAVIN,

　　　　　　　　*Plaintiff-Appellant,*

　　　-v.-　　　　　　　　　　　No. 14-3131

COUNTY OF ORANGE,

　　　　　　　　*Defendant-Appellee.*

---

For Plaintiff-Appellant:　　　　　MICHAEL H. SUSSMAN, Sussman &
　　　　　　　　　　　　　　　　Watkins, Goshen, N.Y.

For Defendant-Appellee:     HYUN CHIN KIM, Senior Assistant
                            County Attorney, Orange County
                            Attorney's Office, Goshen, N.Y.

Appeal from the United States District Court for the Southern District of New York (Briccetti, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff Robert Clavin brought this Section 1983 action against the County of Orange, alleging that the County deprived him of property without due process of law when it failed to issue him a Master Electrician's License in the years 2010-2013. He also alleges that the local law governing the issuance of the Master Electrician's License is unconstitutionally vague. The district court granted the County's motion to dismiss, finding that Clavin's procedural due process claim accrued when he was first denied a Master Electrician's License in 2010, more than three years before he brought this suit and, thus, was time-barred. It further concluded that the local law is not unconstitutionally vague. *See Clavin v. Cnty. of Orange*, No. 14 CV 769 (VB), 2014 WL 3887214, at \*4–5 (S.D.N.Y. Aug. 4, 2014). We otherwise assume the parties' familiarity with the underlying facts and procedural history.

2

We review de novo a district court's decision on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in the non-moving party's favor. *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). We find that the district court erred in holding that Clavin's procedural due process claim is barred by the statute of limitations, but that it was nonetheless properly dismissed as he has no protectable property interest in a Master Electrician's License. We further conclude that the local law is not unconstitutionally vague as it applies to Clavin's claim.

The statute of limitations applicable to a Section 1983 claim accruing in New York is three years. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). The claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id*. at 80. On appeal, Clavin contends that the district court misconstrued his claim as one under the "continuing violation" doctrine. Rather, he argued below, and maintains on appeal, that "the County engaged in a separate [allegedly] unconstitutional act *each year* Clavin applied anew for a Master Electrician License." Appellant Br. 21. We agree. "[W]hat matters is when the plaintiff knows or has reason to know of *the harm* that he

3

seeks to redress, not when the plaintiff knows of a policy that will, sometime in the future, give rise to that harm." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (internal citation and quotation marks omitted). Contrary to the district court's finding, Clavin did not *know* for certain in 2010 that the local law would give rise to harm: every year that he applied for the Master Electrician's License, he did not know whether it would be granted. Each time it was not, he suffered a *new* harm, constituting a new cause of action. Thus, "this is not a case in which the plaintiff simply continues to feel the effects of a time-barred wrongful act." *Id*. at 41 (internal quotation marks and brackets omitted). Accordingly, because Clavin brought suit in February 2014, his claim is timely with respect to the denial of a Master Electrician's License in 2011, 2012, and 2013.[1]

Clavin's procedural due process claim was nonetheless properly dismissed because he lacks a protected property interest in a Master Electrician's License. To assert a claim under Section 1983 based on an alleged violation of procedural

---

[1] On appeal, Clavin argues that the 2010 denial, which occurred more than three years before the commencement of this suit, is also actionable via the continuing violation doctrine. We have discretion to review this argument, even though it was not raised by Clavin below, particularly because it was discussed by the district court. *See Ford v. Bernard Fineson Dev. Ctr.*, 81 F.3d 304, 307 (2d Cir. 1996). We nonetheless find it unpersuasive. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Because we accept Clavin's argument that each year's application and subsequent denial is separately actionable, the 2010 denial is barred as untimely.

due process, plaintiff must plead (1) he possesses a liberty or property interest protected by the Constitution or a federal statute, and (2) he was deprived of that liberty or property interest without due process. *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire and more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (internal quotation marks omitted). As a general rule, the existence of an "entitlement turns on whether the issuing authority lacks discretion to deny the [benefit]." *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999). "[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Town of Castle Rock*, 545 U.S. at 756. The local law at issue here affords the County Licensing Board wide discretion in determining whether an applicant meets the requirements for a Master Electrician's License. Pursuant to the law, "[t]he Board *may* issue and renew a Master Electrician License" to applicants that it deems qualified. J.A. 44 (emphasis added); *see also* J.A. 48. An applicant for a Master Electrician's License "must prove *to the satisfaction of the Board*," *inter alia*, "that he or she is a competent electrician and qualified" to

perform certain electrical work.  J.A. 48 (emphasis added).  In addition, to the extent Clavin was eligible to apply in 2011, 2012, and 2013 for a Master Electrician's License pursuant to the law's grandfather clause, notwithstanding the fact that he was then operating under a more limited Class C license, we note that the grandfather clause, too, permits the Board to determine, in its discretion, whether an applicant has been "competently doing the work of a Master Electrician."  J.A. 49.  In light of the broad latitude afforded the Board in granting or denying a license application, we cannot conclude that Clavin had an enforceable entitlement to such a license when he applied in 2011, 2012, or 2013.  Because Clavin lacked a protected property interest, we need not reach the question of whether he was deprived of due process or whether the Article 78 post-deprivation remedy was sufficient.

Finally, we affirm the dismissal of Clavin's claim that the local law is unconstitutionally vague.  "A statute can be impermissibly vague for either of two independent reasons.  First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits.  Second, if it authorizes or even encourages arbitrary and discriminatory enforcement."  *Hill v. Colorado*, 530 U.S. 703, 732 (2000).  As to the first reason,

Clavin argues that the text of the local law is insufficiently clear because, though it includes Class B and Class C licenses within its definitions, the law otherwise does not refer to these licenses at all. Thus, a person of "ordinary intelligence" has no way to know when he would qualify for such a license as all of the qualifications and requirements listed in the statute apply only to a Master Electrician's License. Even if this were true, it is irrelevant to Clavin's claim: he applied for a Master Electrician's License and the qualifications for that license were laid out in the statute. The language, or lack thereof, pertaining to other classes of license is of no importance to his claim.

Clavin also argues that the Master Electrician's qualifications are unconstitutionally vague in the second manner because they "authorize[] or even encourage[] arbitrary and discriminatory enforcement." *Hill*, 530 U.S. at 732. Although a law has to provide "minimal guidelines" in the form of "explicit standards" regarding what the law requires, "it need not achieve meticulous specificity, which would come at the cost of flexibility and reasonable breadth." *Mannix v. Phillips*, 619 F.3d 187, 197 (2d Cir. 2010) (internal quotation marks omitted). Thus, we agree with the district court: "[a]lthough assessing applicants' qualifications is an inherently individualized and fact-specific

7

inquiry, the law does not encourage arbitrary or discriminatory decision-making." *Clavin*, 2014 WL 3887214, at *5.

We have considered all of Clavin's remaining arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk