*Zografidis v. Richards*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand twenty-three.

PRESENT:

> JOHN M. WALKER, JR.,
> REENA RAGGI,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

KONSTANTINOS ZOGRAFIDIS,

> *Plaintiff-Appellant,*

v.                                                                          No. 22-3197

VANESSA RICHARDS, Assistant
United States Attorney,
WESTPORT POLICE DEPARTMENT,
STATEWIDE GRIEVANCE COMMITTEE,
DANBURY GRIEVANCE PANEL,

> *Defendants-Appellees.*[*]

_____

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| | |
|---|---|
| **For Plaintiff-Appellant:** | Konstantinos Zografidis, *pro se*, Norwalk, CT. |
| **For Defendants-Appellees Statewide Grievance Committee & Danbury Grievance Panel:** | Thadius L. Bochain, Assistant Attorney General, *for* William Tong, Attorney General, Hartford, CT. |
| **For Defendant-Appellee Westport Police Department:** | Ryan P. Driscoll, Berchem Moses PC, Milford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 16, 2022 judgment of the district court is **AFFIRMED**.

Konstantinos Zografidis, proceeding *pro se*, appeals from the district court's judgment dismissing with prejudice his amended complaint, which asserted a variety of civil-rights claims against dozens of federal, state, and local officials, as well as several private individuals. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, which we refer to only as necessary to resolve this appeal.

Virtually all of Zografidis's claims relate to his prior conviction on federal narcotics charges, to which he pleaded guilty in 2014 while reserving his right to

appeal the denial of his motion to suppress evidence gathered pursuant to a court-authorized wiretap. On appeal, we determined that Zografidis's motion to suppress was properly denied and affirmed his conviction. *See United States v. Papadakos*, 729 F. App'x 41 (2d Cir. 2018). Zografidis was released from prison in 2017, at which time he commenced a three-year term of supervised release. He subsequently filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, which was denied. *See Zografidis v. United States*, No. 18-cv-1566 (JAM), 2021 WL 2810142 (D. Conn. July 6, 2021), *appeal dismissed*, No. 21-1681, 2021 WL 7540171 (2d Cir. Nov. 19, 2021).

In May 2022, Zografidis commenced the instant case, alleging that forty-two individuals and entities directly or indirectly connected to his underlying criminal case acted unlawfully towards him.[1] Because Zografidis's complaint named both federal and state defendants, the district court construed the complaint as asserting claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, and dismissed it with leave

---

[1] Notably, only four defendants appeared in the district court, all of whom filed motions to dismiss. Three of those defendants – the Statewide Grievance Committee, the Danbury Grievance Panel, and the Westport Police Department – filed appellate briefs in this case. The federal defendants, including former Assistant United States Attorney Vanessa Richards, notified the Court that they did not intend to participate in this appeal on the basis that the amended complaint was dismissed before the federal defendants were properly served or appeared in the action. *See* Doc. No. 21.

to amend. After Zografidis availed himself of the opportunity to amend, the district court dismissed his amended complaint with prejudice, concluding that his claims were time-barred, were precluded under *Heck v. Humphrey*, 512 U.S. 477 (1994), and involved defendants who were immune from suit.

On appeal, the Statewide Grievance Committee, the Danbury Grievance Panel, and the Westport Police Department argue that Zografidis has abandoned any challenge to the district court's judgment because his appellate brief failed to raise any arguments concerning the merits of the district court's dismissal of his amended complaint. We agree.

Though we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), *pro se* appellants must still comply with Federal Rule of Appellate Procedure 28(a), which requires appellants "to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Accordingly, a *pro se* litigant will be deemed to have "abandon[ed] an issue by failing to address it in the appellate brief." *Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021); *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93

4

(2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*."); *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (internal quotation marks omitted)).

Zografidis's brief does not even attempt to address the grounds on which the district court relied in dismissing his complaint. Instead, his submissions endeavor to collaterally attack his years-old criminal conviction. *See* Zografidis Br. at 7–8 (explaining that his argument will "show this Honorable Panel, again, the same facts and discoveries [he] presented" in his section 2255 petition); *see also id.* at 18 (noting that the information presented in his appellate brief "[wa]s all in [his section 2255] Petition"); *id.* at 23 (requesting that we reverse the district court's decisions in his criminal case, set aside his guilty plea, and remand for trial). Because Zografidis has offered no explanation for his failure to address the substance of the district court's dismissal in his brief on appeal, we conclude that he has abandoned any challenge to the district court's judgment.[2] *See Green*, 16

---

[2] At various points in his briefs, Zografidis insists that his grievances are not subject to statutes of limitations. *See* Zografidis Br. at 17 (contending that the limitations period will only begin to run "once [his] criminal conviction is overturned"); Reply at 4 (claiming that "the statutes of limitations do not apply to [him] in this case"). Even if we were to consider these conclusory

F.4th at 1074; *LoSacco*, 71 F.3d at 92–93.

Zografidis also moves to supplement the record to include "new found discovery" – namely, letters that Zografidis sent to the Statewide Grievance Committee in 2013 and 2014. *See* Doc. No. 93. A party seeking to supplement the record with additional evidence must satisfy Federal Rule of Appellate Procedure 10(e)(2), which requires a party to "provide evidence of an erroneous or accidental omission of material evidence" from the record. *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 592 n.4 (2d Cir. 2006). Here, Zografidis does not attempt to explain how letters from nearly a decade ago constitute "new found" evidence or how such letters meet the aforementioned Rule 10(e)(2) standard. Accordingly, his motion to supplement the record is denied.

Zografidis additionally moves this Court to mandate that all defendants identified in his amended complaint participate in this appeal by "answer[ing] to the criminal allegations and constitutional violations that [he has] claimed against them." *See* Doc. No. 44. Because Zografidis's appellate brief failed to address

---

assertions sufficient to preserve Zografidis's challenge to the district court's dismissal of his claims as time-barred, we would reject his argument as meritless. *See Gonzalez v. Hasty*, 802 F.3d 212, 219–20 (2d Cir. 2015) (explaining when a *Bivens* claim accrues for statute of limitations purposes); *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) (explaining the same for section 1983 claims).

the merits of the district court's dismissal, there is no reason for us to require the participation of additional parties or the submission of additional briefs. *See United States v. Graham*, 51 F.4th 67, 81 (2d Cir. 2022) (explaining that "we may affirm a judgment even when an appellee submits no brief at all"). This motion is therefore also denied.

We have considered Zografidis's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court. All pending motions are **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court